UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER E. ROBINSON,

                              Plaintiff,          9:22-CV-0945
                                                                       (BKS/DJS)

     v.

KELLY PHILLIPS and MS. QUILL,

                              Defendants.

---

APPEARANCES:

CHRISTOPHER E. ROBINSON
Plaintiff, pro se
13-B-1709
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118

BRENDA K. SANNES
Chief United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

On September 12, 2022, plaintiff Christopher Robinson ("plaintiff") commenced this action by submitting a pro se complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). The complaint contained allegations of wrongdoing that occurred, if at all, while plaintiff was confined at Cayuga Correctional Facility ("Cayuga C.F."). *See generally* Compl. Plaintiff sought leave to proceed in forma paupers ("IFP"). Dkt. No. 15 (IFP Application).

In a Decision and Order filed on March 15, 2023 (the "March Order"), the Court granted plaintiff's IFP application and reviewed the sufficiency of the complaint in accordance

28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).  Dkt. No. 17.  The Court found that plaintiff's First Amendment mail tampering claims against defendants Kelly Phillips ("Phillips") and Ms. Quill ("Quill") survived initial review and required a response.  *Id*. at 11. The Court dismissed plaintiff's First Amendment access-to-court claims and claims against defendants Anthony Annucci ("Annucci") and Gerald Jones ("Jones"), without prejudice, for failure to state a claim upon with relief may be granted.  *Id.* at 6-9, 10.

Plaintiff subsequently filed an amended complaint.  Dkt. No. 23 ("Am. Compl.").  Defendants have acknowledged service of the summons and complaint and have appeared by counsel.  Dkt. Nos. 24-29.

Plaintiff's amended complaint is now before the Court for review.

## II.    REVIEW OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) was discussed at length in the March Order and will not be restated here.  *See* Dkt. No. 17 at 2-4.

### B.  Summary of Amended Complaint

The factual recitation set forth in the amended complaint is substantially similar to what was set forth in the original complaint except for the addition of new facts related to the access-to-court claims and a new Fourteenth Amendment claim.  *Compare* Compl. *with* Am. Compl.  In connection with the access-to-court claims, plaintiff has been incarcerated since February 8, 2021, after being found guilty of violating parole.  Am. Compl. at 5.  Plaintiff was sentenced to thirty-six months.  *Id*.  After the sentence was affirmed, plaintiff filed an Article

2

78 petition in the Appellate Division, Fourth Department. *Id.* Plaintiff's brief was due July 21, 2022. *Id.* On July 13, 2022, plaintiff finished his brief, sealed it in an envelope, and gave it to a law library officer to mail. *Id.* On July 29, 2022, plaintiff's brief was returned to him with a letter from the Appellate Division indicating that his brief was untimely received on July 28, 2022. Am. Compl. at 5.

Defendants Quill[1], the facility steward, and Phillips, the "head" of the mailroom, were aware of plaintiff's filing deadline because they received copies of plaintiff's "Special Access Pass," that included the "verified deadlines." Am. Compl. at 5. Quill failed to timely process plaintiff's disbursement form for his outgoing legal mail and Phillips failed to timely process plaintiff's outgoing legal mail. *Id*.

### C. Analysis

#### 1. First Amendment Access to Court

The law related to First Amendment access-to-court claims was discussed in the March Order and will not be restated here. *See* Dkt. No. 17 at 6-8. The March Order stated:

> . . . the complaint lacks any allegations regarding the "court case" that was the subject of the legal mail plaintiff attempted to file. Because plaintiff has not sufficiently described his legal claim(s) in the Appellate Division, the Court cannot conclude that he suffered an actual injury.

Dkt. No. 17 at 8.

With the amended complaint, plaintiff claims his Article 78 petition was dismissed due to his untimely brief. Am. Compl. at 5. Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed*

---

[1] Plaintiff identifies "Ms. Quill" and "Pamela Quill." The Clerk of the Court is directed to amend the docket report accordingly.

*Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the First Amendment access-to-court claims against defendant Phillips and Quill survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

A different conclusion is reached however, with respect to plaintiff's First Amendment claims against Jones. The law related to personal involvement was discussed in the March Order and will not be restated herein. *See* Dkt. No. 17 at 6. In the March Order, the Court dismissed plaintiff's claims against the supervisory defendants holding that, "the complaint lacks allegations which plausibly suggest that these officials were personally involved in the alleged mail tampering plaintiff experienced." *Id*. at 10. The Court reasoned, "plaintiff's attempt to premise his claims against Annucci and Jones based upon the conclusory allegation that Annucci and Jones created or enforced an unconstitutional policy, is precluded by *Tangreti.*" *Id.*

With the amended complaint, plaintiff attempts to remedy the deficiencies in this claim alleging that Jones instituted a policy, over the course of several weeks, "to remove employees from their titled positions and supplant them in other areas around the facility." Am. Compl. at 6. Plaintiff claims Jones "forced" Quill and Phillips to abandon their posts and work in other areas of the facility. *Id*. at 5. Plaintiff claims the policy "was the catalyst to the eventual dismissal" of plaintiff's Article 78 petition. *Id*. at 6.

Courts in this District have found that "an official's conduct in making and executing policy, [ . . . ], may satisfy *Iqbal'*s requirement of personal involvement if such conduct meets the elements required to establish an underlying constitutional violation and is undertaken

4

with the required state of mind."  *Lalonde v. City of Ogdensburg*, No. 8:22-CV-0164 (LEK/DJS), 2023 WL 2537626, at *18 (N.D.N.Y. Mar. 16, 2023) (citation omitted).  To establish a policy-maker's personal involvement, the plaintiff must allege that the official was responsible for the policy and a "tangible connection between their policymaking conduct and the alleged harm."  *Id*. at *18 (citation omitted).  Plaintiff must also "establish the elements of the underlying claim directly against each defendant."  *Id*. (citation omitted).

> Here, even assuming Jones was responsible for instituting policies at Cayuga C.F., the complaint lacks facts suggesting a tangible connection between the policy of reassigning employees to areas around the facility and the alleged First Amendment violations.  *See Jackson v. Annucci*, No. 20-CV-02008, 2021 WL 2581340, at *5 (S.D.N.Y. June 23, 2021) (dismissing claims against Annucci where the allegations did not connect the defendant's policy to the Fourteenth Amendment violations).  Moreover, the complaint lacks sufficient facts to establish that Jones was aware of plaintiff's petition or deliberately "frustrated or impeded" his efforts to pursue his petition.  *See Konigsberg v. Lefevre*, 267 F.Supp.2d 255, 261 (N.D.N.Y. 2003).  Because plaintiff fails to plead that Jones was personally involved in decisions related to his mail, the claims against Jones are dismissed. *See Salvana v. New York State Dep't of Corr. & Cmty. Supervision*, No. 5:21-CV-00735 (BKS/ML), 2022 WL 3226348, at *16 (N.D.N.Y. Aug. 10, 2022) ("[B]ecause enactment and enforcement of the [ ] policy did not constitute an adverse employment action, [p]laintiff has not plausibly alleged that Koenigsmann's 'decision to promulgate and strictly enforce' the policy violated his constitutional rights."), *reconsideration denied*, 2022 WL 17083088 (N.D.N.Y. Nov. 18, 2022).

5

### 2. First Amendment Mail Tampering Claims

Plaintiff's First Amendment mail tampering claims against Phillips and Quill are repeated and realleged in the amended complaint. For the reasons set forth in the March Order, defendants are directed to respond to these claims.

### 3. Fourteenth Amendment Claim

Plaintiff claims defendants' "inactions led to [his] liberty interests" being dismissed. *See* Am. Compl. at 6. The amended complaint however, lacks any facts to support a Fourteenth Amendment due process claim. Accordingly, this cause of action is dismissed for failure to state a claim. *See Nicholas v. City of Schenectady*, No. 1:15-CV-0402 (GTS/CFH), 2015 WL 5916221, at *7 (N.D.N.Y. Oct. 8, 2015) (dismissing Fourteenth Amendment claim as "entirely unsupported with any explanation or factual allegations").

## III.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 23) is accepted for filing and is the operative pleading; and it is further

**ORDERED** that the Clerk of the Court shall amend the docket report consistent with this Decision and Order; and it is further

**ORDERED** that the following claims survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b): (1) First Amendment access-to-court claims against Phillips and Quill; and (2) First Amendment mail tampering claims against Phillips and Quill; and it is further

**ORDERED** that all remaining claims are **DISMISSED** pursuant to 28 U.S.C. §

1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and it is further

**ORDERED** that a response to the amended complaint be filed by the defendants, or counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules of Practice.

Dated: May 1, 2023

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge