UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER E. ROBINSON,

                Plaintiff,

v.                                                       9:22-CV-0945
                                                               (BKS/DJS)

KELLY PHILLIPS and MS. QUILL,

                Defendants.

---

APPEARANCES:

CHRISTOPHER E. ROBINSON
Plaintiff, pro se
13-B-1709
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118

HON. LETITIA JAMES                               JUDSON N. KNAPPEN, ESQ.
Attorney General of the State of New York      MICHAEL J. WHALEN, ESQ.
Attorney for Defendants
The Capitol
Albany, New York 12224

BRENDA K. SANNES
Chief United States District Judge

## DECISION AND ORDER

I.     INTRODUCTION

        Plaintiff Christopher E. Robinson ("plaintiff") commenced this pro se civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") asserting claims related to his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Cayuga Correctional Facility. *See* Dkt. No. 1 ("Compl.").

1

## II.   PROCEDURAL HISTORY

In a Decision and Order filed on March 15, 2023 (hereinafter "March Order"), the Court reviewed the sufficiency of the complaint in accordance 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) and found that plaintiff's First Amendment mail tampering claims against defendants Kelly Phillips ("Phillips") and Ms. Quill ("Quill") survived initial review and required a response.  Dkt. No. 17.  The Court dismissed plaintiff's First Amendment access-to-court claims and claims against defendants Anthony Annucci ("Annucci") and Gerald Jones ("Jones"), without prejudice, for failure to state a claim upon with relief may be granted.  *Id*. at 6-9, 10.

On April 12, 2023, plaintiff filed an amended complaint.  Dkt. No. 23 ("Am. Compl."). In the amended pleading, plaintiff realleged the previously dismissed access-to-court claims and asserted a new Fourteenth Amendment claim.  *See generally* Am. Compl.  In a Decision and Order filed on May 1, 2023 (hereinafter "May Order"), the Court accepted the amended complaint as the operative pleading and, upon review, dismissed plaintiff's Fourteenth Amendment claim for failure to state a claim.  *See generally* Dkt. No. 32.  The Court found that plaintiff's First Amendment access-to-court and mail tampering claims against Phillips and Quill survived review and required a response.  *See id.*  On May 3, 2023, defendants filed an answer to the amended complaint.  Dkt. No. 33.

On May 15, 2023, plaintiff moved for reconsideration of a portion of the May Order. Dkt. No. 37.  Defendants opposed the motion (Dkt. No. 38) and plaintiff responded (Dkt. No. 39).

### III. MOTION FOR RECONSIDERATION

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  "The standard for granting a motion for reconsideration is strict[.]"  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*  Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' "  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff seeks reconsideration of the portion of the May Order that dismissed plaintiff's Fourteenth Amendment claim.  *See generally* Dkt. No. 37.  Plaintiff does not argue that there has been an intervening change in the controlling law or that new evidence necessitates reconsideration.  While plaintiff disagrees with the May Order, he has not made any showing that reconsideration is warranted.  Plaintiff has not cited to any caselaw which would mandate that the May Order be vacated nor has he articulated any clear legal error.  Plaintiff's allegations do not alter the outcome of the Court's decision and the motion does not establish that the Court disregarded facts that resulted in manifest injustice.  *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F.Supp.2d 427, 431 (S.D.N.Y.2002) (denying motion for reconsideration where movant "reargue[d] the points it

made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous'"); *United States v. Delvi*, 2004 WL 235211 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected").  Therefore, plaintiff's motion for reconsideration (Dkt. No. 37) is denied.

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 37) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules of Practice.

Dated: June 26, 2023

Brenda K. Sannes
Chief U.S. District Judge