UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER E. ROBINSON,

                           Plaintiff,

    - v -                                        Civ. No. 9:22-CV-945
                                                      (BKS/DJS)
KELLY PHILLIPS and MS. QUILL,

                           Defendants.
_____

**APPEARANCES:**                          **OF COUNSEL:**

CHRISTOPER E. ROBINSON
Plaintiff, *Pro Se*
Cape Vincent, New York 13618

HON. LETITIA JAMES                   JUDSON N. KNAPPEN, ESQ.
Attorney General for the State of New York   MICHAEL J. WHALEN, ESQ.
Attorney for Defendants                Assistant Attorneys General
300 South State Street - Suite 300
Syracuse, New York 13202

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      Plaintiff, formerly an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this action pursuant to 42 U.S.C. § 1983. Dkt. No. 23, Am. Compl. The Amended Complaint alleges that Defendants violated his First Amendment rights with respect to the handling of a piece of legal mail. *See generally* Dkt. No. 32 (referencing nature of the claims). Defendants now move for summary judgment on the merits of those claims. Dkt. No. 47. Plaintiff's

deadline to respond to the Motion was originally set for February 23, 2024, Dkt. No. 48, but was extended *sua sponte* to May 3, 2024 when no response had been received. Dkt. No. 50. To date, Plaintiff has still filed no response to the Motion. Defendant has filed a letter in further support of the Motion. Dkt. No. 51.

For the reasons set forth below, the Court recommends that Defendants' Motion be granted.

## I. BACKGROUND

The allegations in this case concern the alleged failure of Defendants, then employees in the mail room at Cayuga Correctional Facility, to properly process Plaintiff's legal mail. *See generally* Am. Compl. Specifically, he contends that "Quill failed to process [his] disbursement form for my outgoing legal mail in a timely manner . . . [and] Phillips failed to process [his] outgoing mail in a timely manner to ensure prompt delivery to the Court." Am. Compl. at pp. 5-6. In particular, these allegations relate to Plaintiff's litigation of an Article 78 petition in state court. Am. Compl. at p. 5.

On June 7, 2022, the Appellate Division, Fourth Department issued a scheduling order directing Plaintiff to submit his brief in the state court matter by July 21, 2022. Dkt. No. 47-5. According to the Amended Complaint, Plaintiff provided his complete brief to "the Law Library Officer for mailing" on July 13, 2022. Am. Compl. at p. 5. It was returned to him by the court with a notice that his case had been dismissed because the brief was received on July 28, 2022 and was untimely. *Id.* Plaintiff then successfully

2

sought to have that dismissal vacated. Dkt. No. 47-11. The Appellate Division then considered his claims on the merits, ultimately rejecting them. Dkt. No. 47-12

## II.  STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(C); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard ... they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact.

*Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). In considering a summary judgment motion, the Court's role "is carefully limited to discerning whether there are any genuine issues of material fact to be tried." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding pro se, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994. Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

### A. Personal Involvement

In the Second Circuit, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Several behaviors may indicate the "personal involvement" of prison workers or supervisors in depriving an incarcerated individual of

their constitutional rights. *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986). For instance, a defendant may be personally liable for violating an incarcerated individual's constitutional rights if they "directly participated in the infraction." *Id.* Separately, a "supervisory official may be liable because he or she created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue." *Id.* (citing *McCann v. Coughlin*, 698 F.2d 112, 125 (2d Cir. 1983)).

However, the Supreme Court limited supervisory liability, and the Second Circuit clarified that the doctrine of *respondeat superior* does not apply to supervisors in cases involving a subordinate government worker's unconstitutional conduct, and that "there is no special rule of liability for supervisors." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010)). "[A] plaintiff must plead and prove 'that each Government-official defendant, through the official's own actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 676).

Here, Plaintiff cannot establish that either Phillips or Quill was personally involved in the handling of his initial brief to the Appellate Division. He conceded during his deposition he did not know if either Quill or Phillips had any involvement in the mailing of his brief. Pl.'s Dep. at pp. 28 & 29. He testified simply that they had been sued because they had been identified "as the people dealing with the business office and the mailroom." *Id.* at p. 29. "Assertions of personal involvement that are merely speculative

5

are insufficient to establish a triable issue of fact." *Tarrant v. City of Mount Vernon*, 2022 WL 17070062, at *4 (S.D.N.Y. Nov. 17, 2022).  Plaintiff, therefore, has failed to establish the direct personal involvement of either Defendant.

### B. First Amendment Mail Tampering Claims

"Under the First Amendment, prisoners have the right to 'the free flow of incoming and outgoing mail.'" *Johnson v. Goord*, 445 F.3d 532, 534 (2d Cir. 2006) (quoting *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)).  "To establish a violation, the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming legal mail.'"  *Rasheen v. Adner*, 356 F. Supp. 3d 222, 234 (N.D.N.Y. 2019) (quoting *Davis v. Goord*, 320 F.3d at 351).  Under this standard, "a single instance of mail tampering that does not result in the plaintiff suffering any damage" does not typically satisfy the "regular" interference threshold.  *Burroughs v. Petrone*, 138 F. Supp. 3d 182, 210 (N.D.N.Y. 2015) (citing *Morgan v. Montayne*, 516 F.2d 1367, 1371 (2d Cir. 1975)).

Plaintiff's mail tampering claim against Defendants Pamela Quill and Kelly Phillips is relatively straightforward.  He alleges that Defendant Quill violated his First Amendment rights by failing to "process [his] disbursement for [his] outgoing legal mail in a timely manner."  Am. Compl. at p. 5.  He then alleges that Defendant Phillips violated his First Amendment rights by failing to "process [his] outgoing legal mail in a timely manner to ensure prompt delivery to the Court."  Am. Compl. at pp. 5–6. Plaintiff claims that both Defendants knew of his filing deadline with the New York Appellate Division, Fourth Department, because they both had copies of his approved "Special Access Pass,"

which he claims listed his court deadline. Am. Compl. at p. 5. In failing to process the necessary postage disbursements for his filing, and in failing to process the mail itself, Plaintiff claims that Defendants Quill and Phillips's actions "led to [his] liberty interests, that [he has] been fighting for, [to] be dismissed," because the Court received the filing untimely. Am. Compl. at p. 6.

Even setting aside the denial on the part of Defendants, *see*, *e.g.*, Dkt. No. 47-4, Quill Decl., these allegations do not establish a campaign of mail tampering on Defendants' part. Plaintiff affirmed at his deposition that there was no pattern of the prison workers not sending out his mail. Pl.'s Dep. at p. 29. Plaintiff further recognized that he did not think the failure to mail his documents was done intentionally or purposely. Pl.'s Dep. at p. 43. This single incident where his mail was delivered, though seven days late is insufficient to establish a mail tampering claim. *Williams v. Dubray*, 557 F. App'x 84, 86 (2d Cir. 2014) ("a single incident of mail tampering is insufficient to state a constitutional violation"); *Smith v. Miller*, 2023 WL 5720152, at *5 (S.D.N.Y. Sept. 5, 2023) (dismissing mail tampering claim involving single incident); *Bradshaw v. Annucci*, 2023 WL 4744735, at *16 (N.D.N.Y. July 24, 2023) (same).

Accordingly, Defendants are entitled to judgment as a matter of law as to Plaintiff's mail tampering claim.

### B. First Amendment Access to Courts Claim

"A plaintiff's constitutional right of access to the courts is violated where government officials obstruct legitimate efforts to seek judicial redress." *Jeanty v. Sciortino*, 669 F. Supp. 3d 96, 116 (N.D.N.Y. 2023) (citation omitted).

> To establish a denial of access to the courts claim, a plaintiff must satisfy two prongs. First, a plaintiff must show that the defendant acted deliberately and maliciously. Second, the plaintiff must demonstrate that he suffered an actual injury, i.e. [the defendant] took or was responsible for actions that hindered a plaintiff's efforts to pursue a legal claim.

*Rasheen v. Adner*, 356 F. Supp. 3d 222, 235 (N.D.N.Y. 2019) (internal quotations and citations omitted).

Plaintiff cannot meet this standard. First, he has not shown that either Defendant acted with a deliberate or malicious intent. He, in fact, testified that he did not think either Defendant acted intentionally with respect to his mail. Pl.'s Dep. at p. 43.

Second, Plaintiff has not demonstrated that he suffered an injury because the Fourth Department ultimately reviewed and denied his petition on the merits, albeit on a new timeline. Dkt. Nos. 47-11 & 47-12. Plaintiff conceded this fact at his deposition:

> Q. Okay. So you never suffered natural [sic] harm in your Article 78 case by this mail not getting there on time?
>
> A. Correct.
>
> Q. Okay. And that case, the Article 78 case, after you filed your documents and you were allowed additional time to file then by the Appellate Division, it was heard, right?

8

    A. Yes.

Pl.'s Dep. at p. 34. During the deposition, Plaintiff was shown a copy of the Appellate Division's decision denying his petition on the merits and acknowledged that it concerned his case. *Id.* The disposition of Plaintiff's claim on the merits precludes the finding of harm necessary for Plaintiff's claim to succeed. *Deleon v. Doe*, 361 F.3d 93, 94 (2d Cir. 2004); *Singleton v. Fischer*, 2013 WL 1339051, at *2 (S.D.N.Y. Apr. 3, 2013); *Randolph v. Vaugh*, 2006 WL 416398, at *4 (S.D.N.Y. Feb. 17, 2006).

    Because Plaintiff has not shown that his right to access the courts was injured by Defendants' "deliberate and malicious" actions, and because there is no genuine dispute as to the material facts on this issue, Defendants are entitled to judgment as a matter of law.

### IV.  CONCLUSION

    For the reasons stated herein, it is hereby

    **RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 47) be **GRANTED**; and it is

    **ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

    Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[1] within which to file written objections to the foregoing report. Such objections shall be filed

---

[1] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of

with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  July 1, 2024
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).